## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| LYNN PHILLIPS, <br><br> Plaintiff, <br><br> v. <br><br> CSC SERVICEWORKS, INC., d/b/a APPLIANCE WAREHOUSE OF AMERICA, INC., <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 3:18-cv-02309-S <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Lynn Phillips ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of CSC ServiceWorks, Inc. d/b/a Appliance Warehouse of America, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392, Invasion of Privacy ("IOP"), Intentional Infliction of Emotional Distress ("IIED"), and Trespass to Personal Property ("TPP").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Northern District of Texas, maintains significant business contacts in the Northern District of Texas, and maintains its principal place of business in the Northern District of Texas

### PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant Appliance Warehouse of America, Inc. ("AWA") is a provider of in-apartment/home washer/dryer leasing and equipment sales located at 3201 W. Royal Lane, Ste 100, Irving, Texas 75063.

6. Defendant CSC is a provider of multifamily residential and commercial laundry solutions, as well as tire inflation and vacuum lending services at convenience stores and gas stations nationwide, with its corporate Headquarters located at 303 Sunnyside Blvd. Suite 70, Plainview, NY 11803.

7. AWA is a wholly owned subsidiary of CSC ServiceWorks, Inc. ("CSC").

### FACTS SUPPORTING CAUSES OF ACTION

8. Around September 2017, Plaintiff began receiving phone calls to her cellular phone from Defendant.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number, (615) XXX-7204. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

10. Plaintiff was bamboozled as to why Defendant was calling her, as Plaintiff did not have a business relationship with Defendant.

11. Immediately after Defendant began calling, Plaintiff answered a call from Defendant, during which informed Defendant that they needed to stop calling her.

12. Failing to acquiesce to Plaintiff's demand that it stop contacting her, Defendant continued to call Plaintiff's cellular telephone.

13. In addition to live agents, Defendant placed pre-recorded phone calls to Plaintiff's cellular phone instructing Plaintiff to: "Please call Appliance Warehouse of America at (469) 521-2270. We have an important business matter to discuss."

14. Plaintiff requested that Defendant cease calling her on her cellular phone on multiple occasions.

15. Despite being on notice that communications to Plaintiff's cellular telephone are not welcomed, Defendant continue to call Plaintiff.

16. Notwithstanding Plaintiff's request that Defendant cease calling and placing pre-recorded messages to her cellular phone, Defendant placed or caused to be placed no less than 69 harassing phone calls and numerous pre-recorded messages to Plaintiff's cellular phone between September 2017 and the present day.

17. In some of the calls Plaintiff answered, Plaintiff was greeted by a pre-recorded message. Each of these messages was approximately 23 seconds in duration, started with an audible click from the receiver, and after a significant pause, a pre-recorded voice came on the line requesting Plaintiff to call back.

18. Moreover, in the phone calls Plaintiff answered and spoke to a live agent, Plaintiff was greeted by a noticeable period of "dead air" while the Defendant's telephone system attempted to connect Plaintiff to the live agent.

19. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced himself as a representative of Defendant attempting to collect on the subject debt.

20. Likewise, Plaintiff also hears what appears to be call center noise in the background of Defendant's collection calls.

21. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

22. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times, and on back to back days, with such frequency as can be reasonably expected to harass.

23. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a system that is commonly used in the debt collection industry to collect defaulted debts.

24. The phone number that Defendant most often uses to contact Plaintiff is (469) 521-2270, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

## DAMAGES

25. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

26. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

27. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful phone calls to her cellular phone.

28. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls and pre-recorded messages, aggravation that accompanies unsolicited messages, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

31. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

32. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered and the pre-recorded messages, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

5

33. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

34. Defendant violated the TCPA by placing no less than 69 phone calls to Plaintiff's cellular phone between September 2017 and the present day, using an ATDS without her prior consent.

35. Defendant also violated the TCPA by placing numerous pre-recorded messages to Plaintiff's cellular phone using an ATDS without her consent.

36. Any prior consent, if any, was revoked by Plaintiff's multiple verbal revocations.

37. As pled above, Plaintiff was severely harmed by Defendant's calls and pre-recorded messages to her cellular phone.

38. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on its cellular phones.

39. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

40. Defendant, through its agents, representatives, subsidiaries, vendors, independent contractors, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(C).

41. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff LYNN PHILLIPS respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's calls and pre-recorded messages to Plaintiff to be violations of the TCPA;

b. Award Plaintiff damages of at least $500 per call and pre-recorded message, and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

44. Defendant's phone calls were regarding a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

45. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

    **a. Violations of TDCA § 391.302**

46. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

47. Defendant violated the TDCA when it continuously called and sent pre-recorded messages to Plaintiff's cellular phone after she informed it to stop contacting her. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment on

a debt she did not owe. The frequency and volume of the calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

48. Furthermore, Defendant relentlessly contacted Plaintiff multiple times on numerous occasions. Placing numerous calls in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

49. Upon being told to stop contacting Plaintiff, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing phone calls and sending pre-recorded messages to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff LYNN PHILLIPS respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
f. Award any other relief as the Honorable Court deems just and proper

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

50. Plaintiff restates and realleges paragraphs 1 through 49 as though fully set forth herein.

51. Defendant, through its harassing conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

52. Defendant's persistent and unwanted autodialed phone calls and pre-recorded messages to her cellular phone eliminated Plaintiff's right to be left alone.

53. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, was highly intrusive and invasive.

54. All of the calls made to Plaintiff's cellular phone were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

55. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

56. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, overall focus, and continually frustrated and annoyed Plaintiff into submission.

57. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with her cellular phone.

58. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into paying a debt she did not owe, Plaintiff had no reasonable escape from these incessant calls.

59. As detailed above, by persistently autodialing Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

60. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after she requested that these calls cease on numerous occasions is highly offensive to a reasonable person.

61. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, LYNN PHILLIPS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff her reasonable attorney's fees & costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62. Plaintiff restates and realleges paragraphs 1 through 61 as though fully set forth herein.

63. To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the conduct caused the plaintiff emotional distress; and (4) the emotional distress was severe. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

64. Defendant intentionally engaged in extreme and outrageous conduct when Defendant incessantly harassed Plaintiff through unwanted calls to Plaintiff's cellular phone.

65. Defendant knew that their relentless phone calls and pre-recorded messages would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being.

66. Defendant knew or should have known that Plaintiff had revoked consent to be contacted by any means.

67. Defendant's conduct was designed to cause severe emotional distress to the Plaintiff.

68. Defendant intentionally caused Plaintiff's emotional distress by way of endless phone calls and pre-recorded messages, at all hours of the day, whether Plaintiff was at home or elsewhere, in an attempt to coerce Plaintiff into making a payment.

69. Defendant's actions were designed to instill fear and emotional distress upon Plaintiff.

70. Defendant's intentional or reckless conduct caused severe emotional distress to Plaintiff.

71. Plaintiff suffered an emotional response to Defendant's conduct that resulted in exasperation of Plaintiff's stress and increased hypertension.

72. As stated above, Plaintiff has suffered damages from Defendant's outrageous conduct.

**WHEREFORE,** Plaintiff LYNN PHILLIPS respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in her favor and against Defendant;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff punitive damages in an amount to be determined at trial;
d. Award any other relief this Honorable Court deems equitable and just.

### COUNT V-TRESPASS TO PERSONAL PROPERTY

73. Plaintiff restates and realleges paragraphs 1 through 72 as though fully set forth herein.

74. Trespass to Personal Property is "an injury to, or interference with, possession, unlawfully, with or without the exercise of physical force." *Mountain States Tel. & Tel. Co. v. Vowell Constr. Co.*, 341 S.W.2d 148, 150 (Tex. 1960).

75. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.,* 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

76. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial,*

*L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

77. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

78. Defendant's interfered with Plaintiff's ability to use her cellular phone while it was in her possession.

79. Defendant bombarded Plaintiff with over 69 calls and pre-recorded messages, leaving her unable to use or possess her phone in the manner in which she wanted to.

80. Defendant knew or should have known that its phone calls and pre-recorded messages were not consented to, as Plaintiff stated that Defendant must cease contacting her on numerous occasions.

81. Defendant caused damage to Plaintiff's phone, including, but not limited to, the wear and tear caused to her cellular telephone, the loss of battery charge, and the loss of battery life.

82. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with her possession of her cellular phone.

**WHEREFORE,** Plaintiff LYNN PHILLIPS respectfully requests that this Honorable Court enter judgment in her favor as follows:
    a. Enter judgment in her favor and against Defendant;
    b. Award Plaintiff her actual damages in an amount to be determined at trial;
    c. Award Plaintiff punitive damages in an amount to be determined at trial;
    d. Enjoining Defendant from contacting Plaintiff;
    e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: August 30, 2018                                          Respectfully Submitted,


                                                                /s/ Alexander J. Taylor
                                                                Alexander J. Taylor, Esq.
                                                                *Counsel for Plaintiff*
                                                                Sulaiman Law Group, Ltd
                                                                2500 S Highland Ave, Suite 200
                                                                Lombard, IL 60148
                                                                Telephone: (331) 307-7646
                                                                ataylor@sulaimanlaw.com